**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MANUEL LOUIS MADRIL,<br><br>　　　　Petitioner - Appellant,<br><br>　v.<br><br>K. HARRINGTON and ATTORNEY GENERAL OF THE STATE OF CALIFORNIA,<br><br>　　　　Respondents - Appellees. | No. 13-15708<br><br>D.C. No. 4:10-cv-01771-PJH<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, District Judge, Presiding

Submitted June 25, 2014 [**]

Before:　HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

California state prisoner Manuel Louis Madril appeals pro se from the

district court's judgment denying his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253. We review a district court's denial of a

---

[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

habeas corpus petition de novo, *see Stanley v. Cullen*, 633 F.3d 852, 859 (9th Cir. 2011), and we affirm.

Madril contends that the state trial court erred by instructing the jury pursuant to CALJIC No. 2.11.5 that it should not speculate whether another person involved in the crime is being prosecuted. To the extent Madril argues that the instruction was faulty under state law, his claim is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). Further, the record shows that the instruction did not violate Madril's federal constitutional rights. When, as here, the trial court also instructs the jury regarding witness credibility and accomplices, "there is no reasonable likelihood that the jury understood CALJIC No. 2.11.5 to bar consideration of [the witness's] motives for testifying." *Allen v. Woodford*, 395 F.3d 979, 996 (9th Cir. 2005). Accordingly, the California Court of Appeal's rejection of this claim was not contrary to, or an unreasonable application of, federal law. *See* 28 U.S.C. § 2254(d)(1).

Madril next contends that there was insufficient evidence to support the gang sentencing enhancement under California Penal Code § 186.22. The California Court of Appeal's determination that there was sufficient evidence of the "primary activities" element required for the criminal street gang enhancement was neither contrary to nor an unreasonable application of clearly established federal law, nor

based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d); *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

Because Madril's claims are governed by section 2254(d), he is not entitled to an evidentiary hearing. *See Gulbrandson v. Ryan*, 738 F.3d 976, 993-94 & n.6 (9th Cir. 2013), *cert. denied*, __ S. Ct. __, 2014 WL 1392574 (U.S. June 16, 2014).

We construe Madril's additional arguments as a motion to expand the certificate of appealability. So construed, the motion is denied. *See* 9th Cir. R. 22-1(e); *Hiivala v. Wood*, 195 F.3d 1098, 1104-05 (9th Cir. 1999) (per curiam).

**AFFIRMED.**